PASCHAL *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.*

No. 6804. SEPTEMBER 25, 1929.

*Sibley & Sibley,* for plaintiff.

*Jones, Jones & Johnston* and *Hines & Carpenter,* for defendant.

BECK, P. J. Mrs. A. H. Paschal brought her petition against Milledgeville Railway Company, Louisville & Nashville Railroad Company, Atlantic Coast Line Railroad Company, and Georgia Railroad & Banking Company, praying that the defendants be enjoined from operating trains over a described line of railway in one of the streets in the City of Milledgeville. She alleged that the Louisville & Nashville Railroad Company and Atlantic Coast Line Railroad Company are joint lessees of the Georgia Railroad & Banking Company, and as such lessees hold, use, and operate the line of railroad known as the Georgia Railroad extending into and through the county of Baldwin; that the named lessees are likewise the joint lessees of the Milledgeville Railway Company, a railroad corporation under the laws of this State, and as such lessees hold, use, and operate the line of railway of this company; that they operate a railway using large steam locomotives and cars, and in the conduct of their business have located their main-line track in the center and longitudinally along Wayne Street and in front of plaintiff's property; that they have constructed a freight

depot and warehouse within 100 yards of plaintiff's dwelling, and have constructed spur-tracks, which in effect make a double-track in the space in front of plaintiff's property in the street from 10 to 16 feet in width, and have made other obstructions in the street; that defendants have no legal authority to maintain and operate this railroad in the street of the city, and that in the construction of the line of railway and the spur-tracks and the warehouse and depot, and in the operation of their heavy locomotives and long trains, which are moved backwards and forwards over the tracks, they have created and are maintaining a nuisance. In addition to the prayer for injunctive relief, the plaintiff prayed for damages because of alleged injuries to the plaintiff's property. The main line in question was placed in the street in 1888 by the Milledge-ville and Asylum Dummy Railroad Company, and was built practically in the middle of the street. An act of the legislature of this State, passed in 1888, incorporating the Milledgeville and Asylum Dummy Railroad, gave that company the right to go upon the streets of Milledgeville, with authority to survey, lay out, construct, and use lines or routes in the City of Milledgeville such as had been already agreed upon or might thereafter be agreed upon and contracted for by the incorporators and the Mayor and Aldermen of the City of Milledgeville. The Old Capitol Railroad Company succeeded the company last named, and in the order granting it a charter it was provided that it should have the rights and privileges granted to the Milledgeville and Asylum Dummy Railroad, and all the rights, powers, and privileges conferred upon the railroad corporations by the statutes of this State. Similar powers were given to the Milledgeville Railway Company in its charter, and this company has been exercising the rights and powers given it for thirty years or more.

A. H. Paschal, predecessor in title of the plaintiff, purchased in 1918 the property she claimed to be damaged. The railway in question was lined up at one time at the request of the authorities of the City of Milledgeville, so that paving could be done by the city. In front of the property of the plaintiff the track was practically in the center of the street, where it had been for more than twenty years, and the defendants recently purchased property in the City of Milledgeville in order to have a place to leave their cars for unloading, and it was to reach this property that they laid their

spur-tracks from the main line thereto. There was evidence to show that the City of Milledgeville by ordinance gave to the defendants the right to put their main track in the middle of the street, and the right to locate spurs and switches. No proceeding was instituted by the plaintiff to enjoin the location of the spurs, though there is some evidence that she protested against it.

Upon the hearing the court refused an injunction. The court did not err in this refusal. The plaintiff was not entitled to an injunction against the operation of trains over the main-line track, and no proceeding was instituted by her to prevent the building of the spur-track. This was not a suit to enjoin the construction of the railroad or the spur-tracks before they were built; and so far as concerns the operation of trains over the main line of the railroad, these trains had been operated long before the plaintiff or her predecessor in title bought or moved to the property in question. Whether or not the successors of the Milledgeville and Asylum Railroad Company acquired additional powers by the terms of their charters, it is not necessary to decide, no question having been raised as to that by any of the stockholders of the corporation in question; the decision in this case being that petitioner is not entitled to the injunctive relief sought. Nor is the question of the plaintiff's right to recover damages now for decision, as the case is still pending in the court below.

*Judgment affirmed. All the Justices concur.*